# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# COLUMBIA DIVISION

| | |
|---|---|
| AMY TRAPP, | ) |
| | ) Case No. 1:22-cv-00042 |
| v. | ) |
| | ) |
| COMMISSIONER OF SOCIAL SECURITY | ) |

To:   The Honorable William L. Campbell, Jr., District Judge

## REPORT AND RECOMMENDATION

Plaintiff Amy Trapp filed this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision of the Social Security Administration ("SSA") denying her supplemental security income ("SSI") under Title XVI of the Social Security Act (the "Act"). The case is currently pending on Plaintiff's motion for judgment on the administrative record (Docket No. 14),[1] to which Defendant SSA has responded (Docket No. 16) and Plaintiff has replied (Docket No. 18). This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b) for initial consideration and a report and recommendation. (Docket No. 4.)

Upon review of the administrative record as a whole and consideration of the parties' filings, the undersigned Magistrate Judge respectfully recommends that Plaintiff's motion (Docket No. 14) be DENIED.

---

[1] Plaintiff's motion includes an embedded supporting memorandum of law rather than a separately filed one as required by Local Rule 7.01(a)(2).

## I. INTRODUCTION

On January 31, 2019, Plaintiff protectively filed an application for SSI. (Transcript of the Administrative Record (Docket No. 9) at 261–76.)[2] In her application, Plaintiff alleged disability beginning January 15, 2013, due to knee problems and arthritis of the shoulders. (AR 343.) The application was denied initially on June 28, 2019 (AR 116–21) and upon reconsideration on December 19, 2019 (AR 127–32). Following a telephone hearing held on August 25, 2021 (AR 34–71), the Administrative Law Judge ("ALJ") denied the claim on September 17, 2021. (AR 17–27.) On August 31, 2022, the Appeals Council denied Plaintiff's request for review (AR 1–4), thereby making the ALJ's decision the final decision of the SSA. Plaintiff then timely commenced this civil action, over which the Court has jurisdiction pursuant to 42 U.S.C. § 405(g).

## II. THE ALJ'S FINDINGS

In the ALJ's September 17, 2021 unfavorable decision, the ALJ included the following enumerated findings:

1. The claimant has not engaged in substantial gainful activity since January 31, 2019, the application date (20 CFR § 416.971 *et seq*.).

2. The claimant has the following severe impairments: major depressive disorder, generalized anxiety disorder (GAD), and asthma (20 CFR § 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

4. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 416.967(c), except occasional exposure to fumes, odors, dust, gas and poor ventilation; occasional exposure to extreme heat, extreme cold and humidity; understand, remember and complete simple instructions and tasks; maintain attention concentration, persistence or pace for simple

---

[2] The Transcript of the Administrative Record is hereinafter referenced by the abbreviation "AR" followed by the corresponding Bates-stamped number(s) in large black print in the bottom right corner of each page.

instructions and tasks; tolerate occasional contact with the public; and tolerate occasional changes in job duties.

5. The claimant is unable to perform any past relevant work (20 CFR 416.965).

6. The claimant was born on May 13, 1968 and was 50 years old, which is defined as an individual closely approaching advanced age, on the date the application was filed (20 CFR 416.963).

7. The claimant has at least a high school education (20 CFR 416.964).

8. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).

10. The claimant has not been under a disability, as defined in the Social Security Act, since January 31, 2019, the date the application was filed (20 CFR 416.920(g)).

(AR 19–27.)

### III. REVIEW OF THE RECORD

The parties and the ALJ have thoroughly summarized and discussed the medical and testimonial evidence of the administrative record. Accordingly, the Court will discuss those matters only to the extent necessary to analyze the parties' arguments.

### IV. DISCUSSIONS AND CONCLUSIONS OF LAW

#### A. Standard of Review

The determination of disability under the Act is an administrative decision. The only questions before this Court upon judicial review are: (1) whether the SSA's decision is supported by substantial evidence, and (2) whether the proper legal criteria were applied to the SSA's decision. *Miller v. Comm'r of Soc. Sec.*, 811 F.3d 825, 833 (6th Cir. 2016) (quoting *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009)). The SSA's decision must be affirmed if

3

Case 1:22-cv-00042    Document 19    Filed 10/26/23    Page 3 of 15 PageID #: 713

it is supported by substantial evidence, "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Blakley,* 581 F.3d at 406 (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). Substantial evidence is defined as "more than a mere scintilla" and "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234, 241 (6th Cir. 2007); *LeMaster v. Weinberger*, 533 F.2d 337, 339 (6th Cir. 1976) (quoting Sixth Circuit opinions adopting language substantially like that in *Richardson*).

The SSA utilizes a five-step sequential evaluation process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a). If the issue of disability can be resolved at any point during the evaluation, the ALJ does not proceed to the next step and the claim is not reviewed further. *Id*. First, the claimant is not disabled if she is engaged in substantial gainful activity. *Id.* Second, the claimant is not disabled if she does not have a severe medically determinable impairment that meets the 12-month durational requirements. *Id.* Third, the claimant is presumed disabled if she suffers from a listed impairment, or its equivalent, for the proper duration. *Id.* Fourth, the claimant is not disabled if she can perform relevant past work based on her residual functional capacity ("RFC"), which is an assessment of "the most you [the claimant] can still do despite your limitations," 20 C.F.R. § 404.1545(a)(1). *Id.* Fifth, if the claimant can adjust to other work based on her RFC, age, education, and work experience, she is not disabled. *Id.* The claimant bears the burden of proof through the first four steps, while the burden shifts to the SSA at step five. *Johnson v. Comm'r of Soc. Sec.*, 652 F.3d 646, 651 (6th Cir. 2011) (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 548 (6th Cir. 2004)).

4

Case 1:22-cv-00042    Document 19    Filed 10/26/23    Page 4 of 15 PageID #: 714

The Court's review of the SSA's decision is limited to the record made in the administrative hearing process. *Jones v. Sec'y of Health & Human Servs.*, 945 F.2d 1365, 1369 (6th Cir. 1991). A reviewing court may not try a case de novo, resolve conflicts in evidence, or decide questions of credibility. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citing *Myers v. Richardson*, 471 F.2d 1265, 1268 (6th Cir. 1972)). The Court must accept the ALJ's explicit findings and determination unless the record is without substantial evidence to support the ALJ's determination. *Houston v. Sec'y of Health & Human Servs.*, 736 F.2d 365, 366 (6th Cir. 1984).

**B.**     **The ALJ's Five-Step Evaluation of Plaintiff**

In the instant case, the ALJ resolved Plaintiff's claim at step three of the five-step process. The ALJ found that Plaintiff met the first two steps – (1) she had not engaged in substantial gainful activity, and (2) her impairments of depression, anxiety, and asthma were severe – but determined at step three that Plaintiff was not presumptively disabled because she did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1. (AR 20–22.) At step four, the ALJ determined that Plaintiff had the RFC to perform medium work with certain limitations. (AR 22–25.) At step five, the ALJ determined that Plaintiff could not perform past relevant work but could perform work as a floor waxer. (AR 26–27.) Therefore, the ALJ concluded that Plaintiff has not been under a disability since January 31, 2019, when Plaintiff filed her application. (AR 27.)

**C.**     **Plaintiff's Assertions of Error**

Plaintiff alleges that the ALJ committed two errors: (1) that the ALJ erred in her assessment of Plaintiff's physical impairments at step two of the sequential evaluation analysis; and (2) that the RFC determination is unsupported by substantial evidence because it fails to properly account for Plaintiff's mental limitations. (Docket No. 14-1 at 5.) Based on these alleged errors, Plaintiff

requests that the Commissioner's decision be vacated and remanded for further administrative proceedings, including a de novo hearing pursuant to sentence four of 42 U.S.C. § 405(g), which states:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

(*Id.* at 18–19.) If the case contains an adequate record, "the [Commissioner's] decision denying benefits can be reversed and benefits awarded if the decision is clearly erroneous, proof of disability is overwhelming, or proof of disability is strong and evidence to the contrary is lacking." *Hudson-Kane v. Berryhill*, 247 F. Supp. 3d 908, 914 (M.D. Tenn. 2017) (quoting *Mowery v. Heckler*, 771 F.2d 966, 973 (6th Cir. 1985)). However, benefits may be awarded immediately "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Holtman v. Saul*, 441 F. Supp. 3d 586, 609 (M.D. Tenn. 2020) (quoting *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994)). The Court addresses Plaintiff's assertions of error below.

### 1. Step Two Evaluation

Plaintiff alleges that the ALJ erred in her assessment of Plaintiff's physical impairments at step two of the sequential evaluation analysis. (Docket No. 14-1 at 5.) Specifically, Plaintiff asserts that the ALJ erred by failing to factor Plaintiff's "dizzy spells and upper extremity weakness" into her step two analysis. (Docket No. 14-1 at 6.) The SSA properly states that where a severe impairment has already been found, a failure to find an additional severe impairment at step two is harmless if that impairment is considered at later steps. *Emard v. Comm'r of Soc. Sec.*, 953 F.3d 844, 851 (6th Cir. 2020); *Fisk v. Astrue*, 253 F. App'x 580, 583 (6th Cir. 2007) ("when an ALJ considers all of a claimant's impairments in the remaining steps of the disability determination, an

ALJ's failure to find additional severe impairments at step two does not constitute reversible error" (brackets and internal quotation marks omitted)); *Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987). Plaintiff alleges that the ALJ erred by failing to mention dizziness at step two but makes no allegations regarding the ALJ's consideration of dizziness at later steps. As detailed below, the ALJ found at least one severe impairment at step two and properly considered Plaintiff's non-severe impairments at later steps. The Court therefore finds that the ALJ did not err in her assessment of Plaintiff's physical impairments at step two.

The ALJ found that Plaintiff has three severe impairments: (1) major depressive disorder, (2) generalized anxiety disorder, and (3) asthma. (AR 19.) Plaintiff implies that the ALJ should have found some fourth severe impairment but fails to define what the fourth impairment should have been. (Docket No. 14-1 at 7.) Plaintiff states the ALJ should have considered "dizziness and upper extremity weakness" at step two (Docket No. 14-1 at 6), but her argument focuses only on dizziness. Plaintiff suggests that the dizziness should have been considered at step two because it was "certainly expected to" satisfy the durational requirement. (Docket No. 18 at 2.) The Court is unpersuaded by this conjecture.

"An impairment is not severe if it does not significantly limit your physical or mental abilities to do basic work activities." 20 C.F.R. 404.1521(a) and 416.921(a). Plaintiff points to no evidence in the record that would support an argument that the dizziness was severe, besides her claims that it was "longstanding," had been present "for a while," (Docket No. 18 at 2–3) and caused her to visit the emergency room on one occasion (Docket No. 14-1 at 7). Aside from these statements, Plaintiff fails to argue how her dizziness would significantly impair her ability to do work. Plaintiff also fails to argue that her dizziness would prevent work as a floor waxer. (Docket No. 16 at 5.)

At later steps, in formulating Plaintiff's RFC, the ALJ considered Plaintiff's August 25, 2021 hearing testimony. (AR 22, 24–25.) In the hearing, the ALJ questioned Plaintiff about her alleged dizziness. (AR 46–47.) The ALJ asked Plaintiff, "[S]o, you experience dizziness?" to which she replied, "Yes." Plaintiff and the ALJ then discussed the approximate duration of the dizziness and Plaintiff told the ALJ that it caused her to visit the emergency room on one occasion. (*Id.*) Further, when formulating Plaintiff's RFC, the ALJ considered her April 7, 2020 Centerstone visit in which she endorsed frequent "dizzy spells." (AR 23–24, 528.) Although the ALJ did not explicitly mention dizziness in the written decision, an ALJ is not required to address every piece of evidence or testimony presented. *Collier v. Comm'r of Soc. Sec. Admin.*, No. 3:16-CV-02077, 2018 WL 2193965, at *2 (M.D. Tenn. May 14, 2018). Where a medical source provides multiple opinions, like the April 7, 2020 Centerstone visit, ALJs are not required to articulate individually how they considered each of those medical opinions. 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Therefore, the Court finds that the ALJ properly considered Plaintiff's non-severe impairments at later steps.

The Court further finds that the ALJ did not err by failing to identify an additional severe impairment at step two. Because the ALJ had already found a severe impairment at step two and considered Plaintiff's non-severe impairments at later steps, a failure to find an additional severe impairment at step two is harmless. *Emard*, 953 F.3d at 851. Accordingly, the Court rejects Plaintiff's first assertion of error.

2. **RFC Formulation & Substantial Evidence**

In her second and final assertion of error, Plaintiff asserts that her case should be remanded because the ALJ's RFC determination is unsupported by substantial evidence due to its failure to properly account for Plaintiff's mental limitations. (Docket No. 14-1 at 5.) Specifically, Plaintiff

8

Case 1:22-cv-00042    Document 19    Filed 10/26/23    Page 8 of 15 PageID #: 718

alleges that the ALJ failed to account for Plaintiff's "moderate" limitations in concentration, persistence, or pace ("CPP") in her RFC determination, thus constituting error. (Docket No. 14-1 at 11.) However, an ALJ does not automatically err by finding moderate limitations at step three but excluding them in a subsequent RFC analysis. *Wood v. Comm'r of Soc. Sec.*, No. 19-1560, WL 618536, at *3 (6th Cir. Jan. 31, 2020).

Plaintiff takes issue with the ALJ's finding that Plaintiff could maintain CPP for "simple instructions and tasks" as described in her RFC formulation. (Docket No. 14-1 at 9.) The RFC is "the most a claimant can still do despite the physical and mental limitations resulting from her impairments." *Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 155 (6th Cir. 2009); 20 C.F.R. §§ 404.1545(a), 416.945(a). Courts review an ALJ's RFC determination for substantial evidence. *See Blakley v. Comm'r of Sec. Sec.*, 581 F.3d 399, 405–06 (6th Cir. 2009). Substantial evidence is defined as "more than a mere scintilla" and "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401 (quoting *Consol. Edison Co.*, 305 U.S. at 229). "In formulating a residual functional capacity, the ALJ evaluates all relevant medical and other evidence and considers what weight to assign to treating, consultative, and examining physicians' opinions." *Eslinger v. Comm'r of Soc. Sec.*, 476 F. App'x 618, 621 (6th Cir. 2012) (citing 20 C.F.R. § 404.1545(a)(3)). An ALJ "need only articulate how the evidence in the record supports the RFC determination, discuss the claimant's ability to perform sustained work-related activities, and explain the resolution of any inconsistencies in the record." *Delgado v. Comm'r of Soc. Sec.*, 30 F. App'x 542, 547 (6th Cir. 2002).

With respect to CPP limitations, courts in the Sixth Circuit have held that there is no "bright-line rule" requiring an ALJ to account for moderate limitations in CPP in any particular way. *See, e.g.*, *Knapp v. Comm'r of Soc. Sec.*, No. 19-13326, 2020 WL 7776022, at *5 (E.D. Mich.

Nov. 30, 2020); *Ponder v. Comm'r, Soc. Sec. Admin.*, No. 3:17-1152, 2018 WL 3328088, at *4 (M.D. Tenn. July 6, 2018); *Frye v. Astrue*, No. 1:11-cv-1019, 2012 WL 1831548, at *15 (N.D. Ohio Apr. 9, 2012). Instead, the Court must "determine whether – given the unique circumstances of this case – the mental limitations included by the ALJ in the RFC are supported by substantial evidence." *Knapp*, 2020 WL 7776022 (citations omitted).

At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. (AR 20–22.) When evaluating the severity of mental impairments, the SSA has identified four broad functional areas in which the SSA will rate the degree of a claimant's functional limitation: "[1] Understand, remember, or apply information; [2] interact with others; [3] concentrate, persist, or maintain pace; and [4] adapt or manage oneself." 20 C.F.R. § 404.1520a(c)(3). To support the determination at step three, the ALJ considered whether Plaintiff's mental impairments resulted in one "extreme" or two "marked" limitations in any of those four areas of functioning. However, the ALJ determined that Plaintiff had only a "moderate" limitation in each area, which is defined as having a fair ability to function independently, appropriately, effectively, and on a sustained basis. *See* 20 C.F.R., Pt. 404, Subpt. P, App. 1, § 12.00F.2.c.

At step four, the ALJ determined that Plaintiff had the RFC to perform medium work with certain limitations. (AR 22–25.) In establishing the basis for the RFC determination, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause her alleged symptoms, but that her "statements concerning the intensity, persistence and limiting effects of these symptoms are not bolstered by [her] treatment history or medical findings." (AR 22–23.) The ALJ then considered the medical evidence submitted for the relevant period; a function report from the relevant period; and Plaintiff's testimony from the August 25, 2021

hearing. (AR 22–25.) Specific to Plaintiff's mental impairments, the ALJ considered records from an August 2018 medical examination that showed Plaintiff was "in no acute distress and was alert and oriented," but was positive for anxious affect and diagnosed with anxiety and depression (AR 433–48); an October 2018 medical examination and December 2019 medical examination that showed Plaintiff was alert and oriented with normal affect (AR 471–72, 492–94); a February 2020 medical examination that showed no acute distress, and described Plaintiff as confused, polite, and agreeable, but with limited ability to understand instructions and having lost her train of thought (AR 490–91); a March 2020 mental status examination that showed worried and dysphoric mood, but fair insight, intact remote memory, and organized and logical thought processes (AR 495–538); and an April 2020 mental status examination that showed mild impairment in judgment and concentration, but fair insight, with the remainder of the examination within normal limits (AR 528).

The ALJ also evaluated the opinion evidence from Centerstone Psychiatric Evaluation, which she found persuasive because it was supported by thorough mental status examinations and was consistent with Plaintiff's daily living activities. (AR 24–25.) The Centerstone evidence indicated Plaintiff was moderately ill with overt symptoms causing noticeable, but modest, functional impairment or distress. (AR 511.) The ALJ also considered the state agency psychologists' opinions but found them not persuasive because they failed to account for the Centerstone evidence and were not supported by the medical status examinations of record. (AR 25.)

In all, the ALJ found that "[a]lthough the medical evidence of record does not support the claimant is as functionally limited as she alleges, the residual functional capacity has been reduced to account for her impairments, subjective complaints, and supported limitations." (AR 25.) The

11

ALJ found that since January 31, 2019, Plaintiff has maintained the RFC to perform "medium work" with the following restrictions:

- Occasional exposure to fumes, odors, dusts, gas and poor ventilation;
- Occasional exposure to extreme heat, extreme cold and humidity;
- Understand, remember and complete simple instructions and tasks;
- Maintain attention concentration, persistence or pace for simple instructions and tasks;
- Tolerate occasional contact with the public; and
- Tolerate occasional changes in job duties.

(AR 25.)

Plaintiff asserts that, despite finding at steps two and three that Plaintiff had a "moderate" limitation in CPP, the ALJ committed error in formulating the RFC by failing to adopt any corresponding CPP restrictions. (Docket No. 18 at 4.) These restrictions relate to the ability to "focus attention on work activities and stay on task at a sustained rate." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00E(3). Plaintiff argues that the ALJ's restriction to "simple instructions and tasks" was inadequate considering her "moderate" limitations. (Docket No. 14-1 at 9.)

In response, the SSA asserts that substantial evidence supports the ALJ's determination of Plaintiff's RFC, particularly with respect to the CPP limitations. The SSA argues that no medical opinion in the record suggests that Plaintiff had greater mental limitations that those included in the RFC, which Plaintiff failed to contradict in her reply. (Docket No. 16 at 7.) The SSA also argues that the ALJ's analysis of Plaintiff's limitations in steps two and three is separate from the ALJ's analysis of Plaintiff's RFC in step four; accordingly, the limitations that the ALJ found in steps two and three should only be used to rate the severity of Plaintiff's mental impairments and not to assess her RFC. (*Id.*) The SSA also argues that the RFC is properly formulated because it represents "the most you can still do despite your limitations." 20 C.F.R. § 416.945.

The Court finds that substantial evidence shows that the ALJ's RFC adequately accounted for all limitations that the ALJ found credible. Generally, ALJs must assign "more weight to the opinion of a source who has examined you than to the opinion of a source who has not examined you." *Miller v. Comm'r of Soc. Sec.*, 811 F.3d 825, 834 (6th Cir. 2016) (quoting 20 C.F.R. § 404.1527(c)(1)). Accordingly, the ALJ afforded considerable weight to the opinions of Centerstone psychologists who examined Plaintiff and rendered opinions that were consistent with Plaintiff's daily living activities and mental health examinations of record. (AR 24–25.) The Centerstone opinions found Plaintiff had mild impairments in concentration and recent memory at times but was polite and agreeable with organized and logical thoughts. (*Id.*) The ALJ considered these medical opinions in tandem with Plaintiff's testimony that she "cares for her grandchildren, she cares for pets, she is able to tend to her personal care needs, she prepares meals, she performs household chores, she drives and goes out alone, she goes shopping, she manages her finances, she goes out for walks, and she socializes with her family." (AR 25.)

The ALJ's RFC limits Plaintiff to "simple instructions and tasks" with occasional contact with the public and occasional job duty changes. (AR 25.) Plaintiff fails to explain why the limitation to "simple instructions and tasks" is insufficient. Further, Plaintiff fails to provide any detailed or compelling argument to support her allegation that the RFC is improper. Plaintiff cites case law which finds an RFC limitation that a claimant can maintain CPP for two-hour segments is insufficient where the claimant has been found to have a moderate CPP impairment.[3] *Reeves v. Berryhill*, No. 2:16-CV-00114, 2018 WL 1547856, at *3 (M.D. Tenn. Mar. 5, 2018). Plaintiff's RFC limitation is not so narrow as to limit CPP to units of time, but rather limits duties generally

---

[3] Plaintiff also cites a Tenth Circuit case which is unpersuasive as it is not binding authority on this Court.

to "simple instructions and tasks" with occasional contact with the public and occasional job duty changes. (AR 25.) Plaintiff points out how an RFC limitation of two-hour segments, which is unlike any in this case, is inadequate for the claimant in *Reeves*, but she fails to argue how the RFC limitations specific to this case are inadequate. (Docket No. 14-1 at 10.) "[T]he limitation to simple tasks portrays the tasks that [Plaintiff] can perform without being affected by her moderate limitations." *Smith-Johnson v. Comm'r of Soc. Sec.*, 579 F. App'x 426, 436–37 (6th Cir. 2014)., Given these considerations, the ALJ properly found that Plaintiff's moderate limitations restricted Plaintiff to simple work with occasional contact with the public and occasional job duty changes.

In all, Plaintiff broadly states that the ALJ's RFC is improper, but she has failed to adequately argue that the ALJ's determination is *not* supported by substantial evidence. Considering the foregoing, the Court concludes that the limitations that the ALJ incorporated into the RFC account for Plaintiff's mental limitations and are supported by substantial evidence. For these reasons, the Court rejects Plaintiff's final assertion of error.

On a separate and final note, Plaintiff contends that because the RFC was improperly formulated, the hypothetical question posed to the vocational expert was "insufficient" because it did not reflect Plaintiff's moderate limitations in CPP. As previously discussed, the RFC was properly formulated and included all those limitations that the ALJ found credible. "Hypothetical questions . . . need only incorporate those limitations which the ALJ has accepted as credible." *Parks v. Soc. Sec. Admin.*, 413 F. App'x 856, 865 (6th Cir. 2011) (citing *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993)); *see Winslow v. Comm'r of Soc. Sec.*, 566 F. App'x 418, 421 (6th Cir. 2014) ("The record reflects, however, that the hypothetical questions were proper because the ALJ incorporated all of the functional limitations that she deemed credible."). The Court therefore rejects this argument. The hypothetical question expressed those

limitations included in the RFC. In response to the hypothetical, the vocational expert testified that an individual with Plaintiff's limitations could perform work existing in significant numbers in the national economy.[4] (AR 26–27, 66–67.) Accordingly, the ALJ's decision that Plaintiff was capable of other work was based on substantial evidence. (AR 27.)

## V. RECOMMENDATION

For the above stated reasons, it is respectfully RECOMMENDED that Plaintiff's motion for judgment on the administrative record (Docket No. 14) be DENIED and the SSA's decision be AFFIRMED.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Fed. R. Civ. P. 72(b)(2); Local Rule 72.02(a). Failure to file specific written objections within the specified time can be deemed to be a waiver of the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Cowherd v. Milton*, 380 F.3d 909, 912 (6th Cir. 2004) (en banc). Any responses to objections to this Report and Recommendation must be filed within fourteen (14) days of the filing of the objections. *See* Fed. R. Civ. P. 72(b)(2); Local Rule 72.02(b).

Respectfully submitted,

_____
BARBARA D. HOLMES
United States Magistrate Judge

---

[4] Plaintiff mentions the vocational expert's testimony that a hypothetical off-task individual would be dismissed from employment. (Docket No. 14-1 at 13.) Without more, the Court declines to comment on this statement as Plaintiff failed to demonstrate its significance to her argument. It is not within the reviewing Court's authority to develop a party's arguments. *McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997).