IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| AMY TRAPP, | ) | |
| | ) | NO. 1:22-cv-00042 |
| v. | ) | |
| | ) | JUDGE CAMPBELL |
| COMMISSIONER OF SOCIAL SECURITY, | ) | MAGISTRATE JUDGE HOLMES |
| | ) | |

**MEMORANDUM AND ORDER**

Plaintiff Amy Trapp brings this action under 42 U.S.C. § 405(g), seeking judicial review of the Social Security Administration's denial of her application for supplemental security income. The Magistrate Judge issued a Report and Recommendation (Doc. No. 19), recommending Plaintiff's Motion for Judgment on the Administrative Record (Doc. No. 14) be denied. Plaintiff filed Objections to the Report and Recommendation (Doc. No. 20), and the Commissioner filed a response to Plaintiff's Objections (Doc. No. 21).

For the reasons stated herein, Plaintiff's Objections (Doc. No. 20) are **OVERRULED**, the Report and Recommendation (Doc. No. 19) is **ADOPTED** and **APPROVED** and Plaintiff's Motion for Judgment on the Administrative Record (Doc. No. 14) is **DENIED**.

## I. STANDARD OF REVIEW

The district court reviews *de novo* any portion of a report and recommendation to which a specific objection is made. Fed. R. Civ. P. 72(b)(1)(C); Local Rule 72.02; 28 U.S.C. § 636(b)(1)(C); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). General or conclusory objections are insufficient. *See Zimmerman v. Cason*, 354 F. App'x 228, 230 (6th Cir. 2009). Thus, "only those specific objections to the magistrate's report made to the district court will be preserved for appellate review." *Id*. (quoting *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987)). In conducting the review, the court "may accept, reject, or modify, in whole

or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

In Social Security cases under Title II, the Commissioner determines whether a claimant is disabled within the meaning of the Social Security Act and, as such, entitled to benefits. 42 U.S.C. § 405(h). The Court's review of the decision (the "Decision") of the Administrative Law Judge ("ALJ") is limited to a determination of whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence. *Miller v. Comm'r of Soc. Sec.*, 811 F.3d 825, 833 (6th Cir. 2016) (quoting *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009)); *see* 28 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). The substantial evidence standard is met if a "reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (internal citations omitted). "The substantial evidence standard … presupposes that there is a zone of choice within which the decision makers can go either way, without interference by the courts." *Blakley*, 581 F.3d at 406 (quoting *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)). The Court defers to a decision by the ALJ that is supported by substantial evidence "even if there is substantial evidence on the record that would have supported an opposite conclusion." *Id*. (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997). The Court's review of the Decision is limited to the record made during the hearing process. *Jones v. Berryhill*, 392 F. Supp. 3d 831, 843 (M.D. Tenn. 2019). The administrative record has been filed on the docket in this case at Docket Entry No. 9 (hereinafter cited as "AR [page number]").

## II. ANALYSIS

Plaintiff's Motion for Judgment on the Administrative Record raised two assertions of error: (1) that the ALJ erred in her assessment of Plaintiff's physical impairments by failing to consider Plaintiff's dizzy spells and upper extremity weakness; and (2) that the ALJ's residual functional capacity ("RFC") determination is not supported by substantial evidence because the ALJ failed to account for Plaintiff's mental limitations. The Magistrate Judge found no reversable error in the ALJs consideration of Plaintiff's physical impairments or the RFC determination.

With regard to the ALJ's determination of Plaintiff's impairments, the Magistrate Judge found that Plaintiff did not establish that the failure to find an additional severe impairment based on Plaintiff's alleged dizziness and upper-extremity weakness was not erroneous. The Magistrate Judge noted that Plaintiff failed to define what a severe impairment based on dizziness and upper-extremity weakness should have been, failed to point to evidence in the record to show that the dizziness was severe, and failed explain how it would significantly impair her ability to do work. (Doc. No. 19 at 7).

The Magistrate Judge further found that even if the ALJ failed to identify an additional severe impairment, it was a harmless error because the ALJ found at least one severe impairment and considered the dizziness and upper extremity weakness at later steps of her analysis. (Doc. No. 19 at 6-7 (citing *Emard v. Comm'r of Soc. Sec.*, 953 F.3d 844, 851 (6th Cir. 2020)). The Magistrate Judge acknowledged that that ALJ did not explicitly mention dizziness in the written decision, but found that she was not required to have done so when the record was clear that the ALJ considered the alleged impairment. (*Id.* at 8 (citing *Collier v. Comm'r of Soc. Sec.*, No. 3:16-cv-02077, 2018 WL 2193965, at *2 (M.D. Tenn. May 14, 2018)). The Magistrate Judge points to the ALJ's consideration of Plaintiff's hearing testimony in which the ALJ questioned Plaintiff about her

3

Case 1:22-cv-00042   Document 22   Filed 02/23/24   Page 3 of 5 PageID #: 738

dizziness, and consideration of Plaintiff's visit to Centerstone, which reported frequent "dizzy spells." (*Id*. at 8 (citing AR 22-25, 528)).

With regard to Plaintiff second assertion of error – that the RFC determination failed to account for Plaintiff's mental limitations – the Magistrate Judge found that substantial evidence shows the RFC adequately accounted for all limitations that the ALJ found to be credible. (Doc. No. 19 at 10-15).

Plaintiff objects to the Magistrate Judge's conclusion that the ALJ's failure to consider her dizzy spells and upper extremity weakness in determining severe impairments was harmless error. Plaintiff argues that, in formulating the RFC, the ALJ was "required to consider all of the limitations imposed by the claimant's impairments, even those that are not severe," and that she failed to do so because she did not account for her dizzy spells and upper extremity weakness. (Doc. No. 20 at 3 (citing SSR 96-8p)).

The Court finds the objection without merit. As explained by the Magistrate Judge, the ALJ is not required to address every piece of evidence or testimony in her written decision. (*See* Doc. No. 19 at 8 (citing *Collier v. Comm'r of Soc. Sec.*, No. 3:16-cv-02077, 2018 WL 2193965, at *2 (M.D. Tenn. May 14, 2018)). The record shows that the ALJ considered Plaintiff's reports of dizziness – she referenced medical records that themselves discussed the impairment and even asked Plaintiff about it during the hearing. (*See Id*. at 8 (citing AR 22-25, 46-47, 528)). Finally, although Plaintiff argues that "it is clear" the ALJ's RFC determination fails to account for her dizzy spells and upper extremity weakness, she does not identify what limitations the ALJ should have included in the RFC or how her alleged dizziness prevents her ability to work in the capacity described by the ALJ. Nor does Plaintiff point to any medical opinion that her alleged dizziness imposed any work-related limitations.

### III. CONCLUSION

Having conducted a *de novo* review of the Magistrate Judge's determinations and the Plaintiff's objections, for the reasons stated herein, the Plaintiff's Objections are **OVERRULED** and the Report and Recommendation (Doc. No. 19) is **ADOPTED**. Plaintiff's Motion for Judgment Based on the Administrative Record (Doc. No. 14) is **DENIED** and the Commissioner's Decision is **AFFIRMED**.

It is so **ORDERED**.

WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE